DR. BARBARA THOMPSON, State Superintendent, Department of PublicInstruction
In your letter of May 14, 1976, you indicate that the Wisconsin Department of Public Instruction is the State Educational Agency (SEA) responsible for the administration of the Elementary and Secondary Education Act of 1965 (ESEA) as most recently amended by PL 93-380. In your letter you ask my opinion as to whether funds provided to the Department of Public Instruction pursuant to Title I of the ESEA may be used to transport children from parochial school to public school and back to parochial school. It is my opinion that such funds may be used as you have indicated.
Title I of the ESEA provides funds to the Department of Public Instruction which in turn approves plans of local school districts and provides these funds for their implementation. The purpose of these programs is to upgrade the education of economically and socially deprived children. Examples of programs administered by local educational agencies are remedial reading and mathematics designed to raise students' achievement to the appropriate grade levels based on their age. Grants are made by the Department of Public Instruction to local educational agencies. With respect to participation of children enrolled in private schools, sec. 20 U.S.C.A. 241e-1 provides:
 "(a) To the extent consistent with the number of educationally deprived children in the school district of the local educational agency who are enrolled in private elementary and secondary schools, such agency shall make provision for including special educational services and arrangements (such as dual enrollment, educational radio and television, and mobile educational services and equipment) in which such children can participate . . . ." *Page 127 
These programs must be furnished to children attending private elementary and secondary schools on an "equitable" basis (see 20 U.S.C.A. 241e-1 (b) (2)).
In Wheeler v. Barrera (1974), 417 U.S. 402, 41 L.Ed.2d 159, the court held that any conflict between programs or expenditures of funds and state statutes and constitutions is a question of state, not federal, law. Thus, in the instant case, the question is whether federal ESEA funding of transportation of parochial school students from parochial school to public school and back is in conflict with the Wisconsin Constitution or with any Wisconsin statutes.
You have informed me that such transportation is necessary in some instances where dual enrollment programs are being provided. The term "dual enrollment" or "shared time" refers to enrollment of nonpublic school children in public schools for specific courses of study or activity.
Dual enrollment programs are provided in Wisconsin to avoid the prohibition in Art. I, sec. 18 of the Wisconsin Constitution against teachers being paid with public funds for teaching in parochial schools. See 55 OAG 124 (1966). Dual enrollment itself is not prohibited by the Wisconsin Constitution. Id. at 132. In addition, Art. I, sec. 23 of the Constitution removes any state constitutional prohibition against publicly funded transportation of children to and from parochial schools. Thus the Wisconsin Constitution does not prohibit use of federal funds to transport parochial school children in the manner you contemplate.
In your letter you referred to secs. 121.54 (2) (b) and (c), Stats. These sections provide for transportation for parochial school children which is funded in part by the local public schools and to a larger extent by the Department of Public Instruction. However, there is no statutory requirement that children attending parochial schools may be provided transportation as a part of a federally funded program. In fact, insofar as Title I of the ESEA is concerned, using federal funds to supplant state funded programs is specifically forbidden by 45 C.F.R. 17 (h). Transportation of children as a part of a Title I dual enrollment program does not supplant the state transportation program. Rather, this supportive service makes supplementary educational programs available to parochial school children on a comparable as well as an equitable basis. (Barrerav. Wheeler (1973), 475 F.2d 1338, 1349, fn. 18.) *Page 128 
While, as noted above, there is no statutory provision that parochial school children may be provided transportation as part of a federally funded program, general authority is given to the State Superintendent to receive and disburse federal funds by sec. 115.28 (9), Stats. Since there is no statutory or constitutional prohibition in Wisconsin regarding transportation of parochial school children from parochial school to public school and return as a part of a federally funded dual enrollment program, it is my opinion that the funds may be used as indicated. (Wheeler v. Barrera (1974), 417 U.S. 402, 419,41 L.Ed.2d 159.)
BCL:JWC